## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EDWARDO SHIRLEY, Individually and On Behalf of All Others Similarly Situated,** | § § § § | |
| *Plaintiff*, | § § | **C.A. NO. 4:09-cv-01691** |
| **v.** | § § | |
| **LOGIK PRECISION, INC.; LOGIK PRECISION EQUIPMENT, LLC and CARLOS SIERRA,** | § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § § | |

## PLAINTIFF EDWARDO SHIRLEY'S
## MOTION FOR CLASS CERTIFICATION AND EXPEDITED DISCOVERY

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
      Melissa Ann Moore
      Federal Id. No. 25122
      State Bar No. 24013189
      Curt Hesse
      Federal Id. No. 968465
      State Bar No. 24065414
      Lyric Center
      440 Louisiana Street, Suite 675
      Houston, Texas 77002
      Telephone: (713) 222-6775
      Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

Table of Authorities ...........................................................................................iii

I.  Nature and Stage of Proceeding .................................................................. 1

II.  Issues To Be Ruled Upon By the Court..................................................... 1

III.  Summary of the Argument ....................................................................... 2

IV.  Summary of FLSA Violations .................................................................. 4

    A.  Defendants Did Not Pay Plaintiff For All Hours Worked ................................. 4

    B.  Defendants Did Not Pay Plaintiff Overtime Wages As Required By Law ........ 6

V.  The Analytical Framework ......................................................................... 6

    A.  Conditional Certification Is The Preferred Methodology................................. 6

    B.  The Key Issue Is Whether Employees Are Similarly Situated......................... 7

    C.  Defendant Has The Right To Move To Decertify Later .................................. 9

VI.  The Issuance of Notice Is Appropriate In This Case As Plaintiff Meets the
Similarly Situated Standard ...................................................................... 10

    A.  There Are Other Similarly Situated Employees Who May Desire To Opt In... 10

    B.  The Other Potential Class Members Are Similarly Situated With Respect
To Their Relevant Job Requirements and Pay Practices ................................... 11

    C.  Plaintiff Has Carried His Burden Of Demonstrating A Reasonable Basis
For Conditional Certification of a Collective Action ..................................... 12

VII.  Notice Should Be Expedited Due To the Running of the Statute of Limitations..... 14

VIII.  The Proposed Notice Is Fair and Accurate ............................................. 15

IX.  The Proposed Limited Discovery Is Essential To Ensure Timely Notice ................. 16

X.  Conclusion................................................................................................. 17

Certificate of Service ......................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Alba v. Madden Bolt Corp.*,
No. 4:02-cv-01503 (S.D. Tex. June 5, 2002) .................................................. 7, 12, 16

*Allen v. McWane, Inc.*,
2006 U.S. Dist. LEXIS 81543 (E.D. Tex. Nov. 7, 2006) ........................................ 7

*Baum v. Shoney's Inc.*,
1998 U.S. Dist. LEXIS 21484 (M.D. Fla. Dec. 3, 1998) ..................................... 14

*Belcher v. Shoney's, Inc.*,
927 F.Supp. 249 (M.D. Tenn. 1996) ........................................................... 8, 15, 16

*Brooks* v. *Bellsouth Telecomm.*,
164 F.R.D. 561 (N.D. Ala. 1995).................................................................... 9

*Coreas v. C & S Ranch*,
No. 5:97-cv-00030 (S.D. Tex. May 16, 1997) ......................................................... 13

*Dybach v. Florida Dep't. of Corrections*,
942 F.2d 1562 (11th Cir. 1991).............................................................. 7, 8

*Falcon v. Starbuck Corp.*,
580 F.Supp.2d 528 (S.D. Tex. 2005) ....................................................... 7

*Gardner v. Assocs. Commercial Corp.*,
2000 U.S. Dist. LEXIS 22804 (S.D. Tex. Dec. 19, 2000) ................................ 9, 12

*Garner v. G.D. Searle Pharm. & Co.*,
802 F.Supp. 418 (M.D. Ala. 1991) ............................................................ 8, 15, 16

*Grayson v. Kmart Corp.*,
79 F.3d 1086 (11th Cir. 1996)....................................................................passim

*Harper v. Lovett's Buffet, Inc.*,
185 F.R.D. 358 M.D. Ala. 1999)................................................................. 10

*Harrison v. Enterprise Rent-A-Car Co.*,
1998 U.S. Dist. LEXIS 13131 (M.D. Fla. July 1, 1998) ......................................... 13

*Herrera v. Unified Mgmt. Corp.*,
2000 U.S. Dist. LEXIS 12406 (N.D. Ill. Aug. 17, 2000)........................................... 15

*Hipp v. Liberty Nat'l Life Ins. Co.*,
   164 F.R.D. 574 (M.D. Fla. 1996) ...................................................................... 8, 16

*Hipp v. Liberty Nat'l Life Ins. Co.*,
   252 F.3d 1208 (11th Cir. 2001) .................................................................................... 7

*Hoffman-La Roche, Inc. v. Sperling*,
   493 U.S. 165 (1989) ................................................................................. 4, 10, 15, 16

*King v. GE Co.*,
   960 F.2d 617 (7th Cir. 1992) ....................................................................................... 7

*Krueger v. New York Tel. Co.*,
   1993 WL 276058 (S.D.N.Y. July 21, 1993) ............................................................. 9

*Marchan v. Taqmex, Inc.*,
   No. 4:02-cv-04167 (S.D. Tex. December 16, 2002) ............................................... 13

*Mertz v. Treetop Enter., Inc.*,
   1999 U.S. Dist LEXIS 18386 (N.D. Ala. March 2, 1999) ..................................... 13

*Realite v. Ark Restaurants Corp.*,
   7 F.Supp.2d 303 (S.D.N.Y. 1998) ........................................................................... 13

*Reich v. Davis*,
   50 F.3d 962 (11th Cir. 1995) .................................................................................... 15

*Schwartz v. MCI Telecomm. Corp.*,
   No. 4:98-cv-01574 (S.D. Tex. February 17, 1999) ................................................ 13

*Schwed v. GE*,
   159 F.R.D. 373 (N.D.N.Y. 1995) .............................................................................. 9

*Shain v. Armour & Co.*,
   40 F.Supp. 488 (W.D. Ky. 1941) ............................................................................... 8

*Sperling v. Hoffman-La Roche, Inc.*,
   118 F.R.D. 392 (D.N.J. 1988) ........................................................................... 1, 9, 10

*Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*,
   321 U.S. 590 (1944) ..................................................................................................... 5

*Thiess v. GE Capital Corp.*,
   267 F.3d 1095 (10th Cir. 2001) ................................................................................. 7

*Tucker v. Labor Leasing, Inc.*,
  872 F.Supp. 941 (M.D. Fla. 1994) ............................................................ 8

*Villatoro v. Kim Son Rest., L.P.*,
  286 F.Supp.2d 807 (S.D. Tex. 2003) .................................................. 4, 7, 12

*Zhao v. Benihana, Inc.*,
  2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. May 7, 2001) ........................ 13

## Statutes

29 U.S.C. § 206(a) .......................................................................................... 5

29 U.S.C. § 207(a)(1) ...................................................................................... 6

29 U.S.C. § 215(a)(3) .................................................................................... 15

29 U.S.C. § 255(a) ........................................................................................ 14

29 U.S.C. § 256(b) ........................................................................................ 14

## Rules

Fed. R. Civ. P. 23 ....................................................................................... 3, 8

Fed. R. Civ. P. 20(a) ....................................................................................... 8

Fed. R. Civ. P. 23 ................................................................................... 3, 6, 14

Fed. R. Civ. P. 26(b)(1) ................................................................................ 17

## Regulations

29 C.F.R. § 790.21(b)(2)(ii) ......................................................................... 14

TO THE HONORABLE JUDGE:

COMES NOW, Plaintiff EDWARDO SHIRLEY (referred to as "Plaintiff"), individually and on behalf of all others similarly situated current and former employees of LOGIK PRECISION, INC.; LOGIK PRECISION EQUIPMENT, LLC and CARLOS SIERRA (collectively referred to as "Defendants"), and file this Motion for Class Certification and Expedited Discovery.  In support thereof, Plaintiff would respectfully show the Court as follows:

## I.
## NATURE AND STAGE OF PROCEEDING

On June 3, 2009, Plaintiff Edwardo Shirley filed a putative collective action lawsuit under the Fair Labor Standards Act ("FLSA") alleging that Defendants Logik Precision, Inc.; Logik Precision Equipment, LLC and Carlos Sierra failed to pay him for all hours worked and failed to pay him overtime wages as required by law.  At this stage, Plaintiff Edwardo Shirley seeks to notify other current and former employees of Defendants of the pendency of this lawsuit and their right to participate.

## II.
## ISSUE TO BE RULED UPON BY THE COURT

At this stage, the issue is whether the named Plaintiff, Edwardo Shirley, and potential opt-ins are "similarly situated."  The named Plaintiff and members of the putative class are similarly situated if "their positions are similar, not identical" and they "were together victims of a single decision, policy, or plan[.]"  *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 405-07 (D.N.J. 1988), *aff'd* 493 U.S. 165 (1989).  If the named Plaintiff and members of the putative class are similarly situated,

the Court should conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and authorize the issuance of notice to members of the putative class.

### III.
### SUMMARY OF THE ARGUMENT

Mr. Shirley worked for Logik Precision, Inc.; Logik Precision Equipment, LLC and Carlos Sierra from October 2008 through March 2009 as a machinist; he was responsible for fabricating metal parts and tools. *See*, Ex. A, Aff. Edwardo Shirley ¶¶ 2-3. Plaintiff routinely worked more than forty (40) hours per week and was paid on an hourly basis. *See*, Ex. A, Aff. Edwardo Shirley ¶¶ 4-6; *see also*, Ex. B, Work Schedule. However, Plaintiff was not paid for all hours worked. *See*, Ex. A, Aff. Edwardo Shirley ¶¶ 7-10; *see also*, Ex. C, Attendance Policy (employees penalized fifteen (15) minutes of paid working time for failure to clock-in five (5) minutes before shift starts); *see also*, Ex. D, Memorandum Regarding Time Sheets & Safety Equipment (employees docked one (1) hour of pay for failure to turn in time sheets on time; employees docked one (1) hour for failure to wear safety equipment); *see also*, Ex. E, Email Regarding Working Without Pay (employees whose parts did not conform to standards were required to make corrections on their "own time"). In fact, Mr. Shirley's employment with Defendants ended because he refused to continue to work without pay. *See*, Ex. F, Statement To TWC ("Mr. Shirley resigned stating that he would not work without compensation."). In addition to being required to work without pay, Plaintiff was not paid overtime at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) during any seven (7) day period as required by the FLSA. *See*, Ex. A, Aff. Edwardo

Shirley ¶ 13.  Finally, Defendants made unlawful deductions from Plaintiff's pay.  *See*, Ex. G, Production Work Rules (employees who broke tools required to pay for them).

Plaintiff Edwardo Shirley filed this lawsuit to recover unpaid wages and unpaid overtime wages owed to him under the FLSA and the regulations promulgated under it. At this phase of the litigation, Plaintiff Edwardo Shirley seeks to notify other employees of Defendants Logik Precision, Inc.; Logik Precision Equipment, LLC and Carlos Sierra of their right to recover their unpaid wages and unpaid overtime wages by joining this lawsuit.  Accordingly, it is important to note that this lawsuit is a collective action pursuant to 29 U.S.C. § 216(b).  This is not a class action under FED R. CIV. P. 23. Section 216(b) collective actions have an "opt-in" requirement, which means that only employees who fill out consent forms and file them with the Court may join the lawsuit. *See*, 29 U.S.C. § 216(b).  By contrast, Rule 23 makes class participation mandatory unless class members affirmatively "opt-out" of the action.  *See*, FED. R. CIV. P. 23. Therefore, courts have found that plaintiffs in FLSA collective actions need not satisfy Rule 23 requirements of numerosity, commonality, commonality of issues, typicality of claims, and adequacy of representation.  *See, e.g.*, *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("Although not at issue in this case, it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirement for class actions under Rule 23 of the Federal Rules of Civil Procedure.").

Shirley brings this action on behalf of himself and all other similarly situated employees of Defendants.  The similarly situated employees who may join this action as opt-in plaintiffs are all current and former non-exempt employees of Defendants who

held the title of "machinist" or were performing the job functions of a "machinist" and who worked for Defendant anywhere in the United States during the class period. Furthermore, these employees were classified as non-exempt pursuant to the FLSA but were not paid all hours worked and now seek payment for such wages and overtime wages (collectively referred to as "the Employees").

To facilitate the development of a collective action, courts authorize the issuance of notice to potential class members. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *Villatoro v. Kim Son Rest.*, *L.P.*, 286 F.Supp.2d 807, 809 (S.D. Tex. 2003). This collective action focuses on a cohesive group of employees who worked for the Defendants and who were subjected to the same illegal pay practices. Because all of Defendants' above-described employees were subjected to the same type of pay practices, they are not merely similarly situated—they are identically situated. As such, the wage and overtime claims presented in this case can and should be adjudicated on a collective action basis.

**IV.**
**SUMMARY OF FLSA VIOLATIONS**

**A.    Defendants Did Not Pay Plaintiff For All Hours Worked.**

Defendants Logik Precision, Inc.; Logik Precision Equipment, LLC and Carlos Sierra own and operate a machine shop in the Houston, Texas area. *See*, Ex. H, Company Profile. In connection with their business operations, Defendants employ numerous machinists. *See*, Ex. A, Aff. Edwardo Shirley ¶ 13. Machinists, like Mr. Shirley, are responsible for fabricating metal parts and tools. *Id.* at ¶¶ 2-3. All

machinists are paid on an hourly basis.  *Id.* at ¶¶ 4-5.  And even though they routinely work more than forty (40) hours per week, machinists are not paid for all hours worked and are not paid overtime wages as required by law.  *Id.* at ¶¶ 4-10, 13.

The FLSA requires employers to pay employees for all hours worked.  29 U.S.C. § 206(a).  The FLSA does not define work, but the Supreme Court has held that work is any "physical or mental exertion … controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business."  *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).  The FLSA was intended to invalidate "customs and contracts which allow an employer to claim all of an employee's time while compensating him for only part of it."  *Id*. at 602.

Many of Defendants' policies are per se violations of the FLSA.  *See*, Ex. A, Aff. Edwardo Shirley ¶¶ 7-10.  For example, machinists, including Mr. Shirley, are docked fifteen (15) minutes of paid working time if the fail to clock-in at least five (5) minutes prior to the beginning of their shift.  *See*, Ex. C, Attendance Policy.  They are docked one (1) hour of pay if they fail to turn in their time sheets as required by company policy.  *See*, Ex. D, Memorandum Regarding Time Sheets & Safety Equipment.  They are docked one (1) hour of pay if they fail to wear the required safety equipment.  *Id*.  Additionally, they are required to fix all parts or tools that do not comply with company standards on their own time without pay.  Ex. E, Email Regarding Working Without Pay.  These policies plainly violate both the spirit and the letter of the law.  29 U.S.C. § 206(a).

**B.**     **Defendants Did Not Pay Plaintiff Overtime Wages As Required By Law.**

The FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty hours per week] at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  In addition to not paying their employees for all hours worked as described above, Defendants violated the FLSA's overtime requirements by not paying their employees at one and one-half times their regular rate for hours worked in excess of forty (40) per week.

**V.**
**THE ANALYTICAL FRAMEWORK**

**A.**     **Conditional Certification Is The Preferred Methodology.**

Some courts have previously suggested the use of FED. R. CIV. P. 23 in making the determination of whether to certify a putative collective action rather than making use of the two-stage class certification procedure developed in recent case law.  Although the United States Court of Appeals for the Fifth Circuit has suggested that determination of "methodology" would be reviewed *de novo,* it has, to date, expressly declined to decide which methodology is appropriate for use in *collective* actions.  *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir. 1995).  The practice of courts in the Eastern and Southern Districts of Texas, however, has been to employ a two-stage certification

approach.  *See, e.g.*, *Falcon v. Starbuck Corp.,* 580 F.Supp.2d 528, 534 (S.D. Tex. 2005);

*see also*, *Alba v. Madden Bolt Corp.,* No. 4:02-cv-01503 (S.D. Tex. June 5, 2002) (J. Hoyt);

*see also*, *Allen v. McWane, Inc.*, 2006 U.S. Dist. LEXIS 81543 at *11-14 (E.D. Tex. Nov. 7,

2006) (J. Ward).

Several judges in the Southern District—including Judges Harmon, Atlas, Gilmore,

Hughes, Lake, Rainey, Rosenthal and Werlein—have primarily utilized the two-stage

collective action certification procedure.  Moreover, the practice employed by the Southern

District of Texas has been expressly adopted by every federal appellate court that

addressed the issue—both prior to and following *Mooney*.  *See, e.g., Thiess v. GE Capital*

*Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001); *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d

1208, 1219 (11th Cir. 2001); *King v. GE Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *see also*,

*Villatoro,* 286 F.Supp.2d at 809-10 (discussing appellate decisions regarding the proper

approach to certifying a collective action).  Therefore, Plaintiff will address only the

methodology preferred by the Southern District of Texas.

## B.    The Key Issue Is Whether Employees Are Similarly Situated.

The "collective action" provision of the FLSA allows one or more employees to

bring an action for unpaid wages and unpaid overtime wages "on behalf of themselves and

other employees similarly situated."  29 U.S.C. § 216(b); *Mooney,* 54 F.3d at 1216; *Dybach*

*v. Florida Dep't. of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991).  "The evident

purpose of the FLSA is to provide one lawsuit in which the claims of different employees,

different in amount but all arising out of the same character of employment, can be

presented and adjudicated, regardless of the fact that they are separate and independent of each other." *Shain v. Armour & Co.,* 40 F.Supp. 488, 490 (W.D. Ky. 1941).

For an opt-in class to be certified under 29 U.S.C. § 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney,* 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1086. The Plaintiff's claims and positions need not be identical to the potential opt-ins' claims, they need only be similar. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994). Plaintiff needs only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at l097.

Accordingly, court-facilitated notice to the "class" regarding FLSA collective action litigation is warranted when a plaintiff demonstrates that there exist others who may wish to opt-in and who are "similarly situated" with respect to his or her job requirements and pay provisions. *See, e.g.*, *Garner v. G.D. Searle Pharm. & Co.*, 802 F.Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 575-76 (M.D. Fla. 1996); *see also*, *Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 251 (M.D. Tenn. 1996); *see also*, *Dybach*, 942 F.2d at 1567-68. **The standard for collective action notice is thus a "*lenient one*."** *Mooney,* 54 F.3d at 1213-14 (emphasis added). "It is considerably 'less stringent' than the proof required pursuant to FED. R. CIV. P. 20(a) for a joinder or FED R. CIV. P. 23 for class certification." *Grayson*, 79 F.3d at 1096.

At the notice stage, courts usually determine whether a named plaintiff and potential opt-ins are "similarly situated" based upon detailed allegations in the

complaint along with whatever evidence may be available.  *See*, *Mooney*, 54 F.3d at 1213-14; *see also*, *Gardner v. Assocs. Commercial Corp.*, 2000 U.S. Dist. LEXIS 22804 at *6 (S.D. Tex. Dec. 19, 2000) (J. Harmon); *see also*, *Brooks* v. *Bellsouth Telecomm.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *see also*, *Sperling*, 118 F.R.D. at 406-07. Notably, a defendant's rebuttal evidence does not bar section 216(b) notice; a plaintiff's substantial allegations need only successfully engage the employer's affidavits to the contrary.  *Grayson*, 79 F.3d at 1099 n.17.

## C.   Defendant Has The Right To Move To Decertify Later.

Once the Court makes the preliminary determination that potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery.  *Mooney*, 54 F.3d at 1214 n.7.  After preliminary certification, discovery is relevant both as to the merits of the case and for the second step in the collective action procedure where the court evaluates any conflicting evidence developed in discovery and tests the validity of the preliminary decision made at the notice stage.  *See*, *Schwed v. GE*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995) ("[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice … prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA].."); *see also*, *Krueger v. New York Tel. Co.,* 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993) ("[E]ven if Plaintiffs' claims turn out to be meritless or, in fact, all Plaintiffs turn out *not* to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case.") (emphasis in original); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 365 (M.D.

Ala. 1999) ("subsequent discovery may reinforce or undermine" the preliminary finding of similarly situated employees).

Indeed, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt-in period is complete, the court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset." *Hoffman-La Roche*, 493 U.S. at 172.

## VI.
## THE ISSUANCE OF NOTICE IS APPROPRIATE IN THIS CASE
## AS PLAINTIFF MEETS THE SIMILARLY SITUATED STANDARD

Plaintiff Edwardo Shirley easily meets the liberal standard for court facilitation of an FLSA collective action. The accompanying affidavit and other evidence establish that there are other employees who should be given the opportunity to "opt-in" and that they are "similarly situated" because they held the same or similar positions to that of Plaintiff and were subject to the same pay practices of Defendants.

**A.    There Are Other Similarly Situated Employees Who May Desire To Opt In.**

The current state of the record makes it evident that there are other employees who may desire to opt-in to this collective action. The consistent application of the Defendants' pay practices and claims made by Mr. Shirley make this case particularly suitable for § 216(b) collective action treatment. Mr. Shirley has executed a sworn affidavit regarding the uniform pay policies utilized by Defendants which resulted in violations of the FLSA by way of non-payment of wages and overtime wages not only

affecting Shirley but also all other similarly situated machinists who worked for Defendants. Shirley has independently demonstrated knowledge of the pay practices that Defendants utilized in relation to its hourly employees and the resulting FLSA violations.  Based on the foregoing, it is clear that all machinists have been subjected to the same uniform payroll practices while in the employ of Defendants and are "similarly situated" and that they may be interested in joining this lawsuit.

**B.    The Other Potential Class Members Are Similarly Situated With Respect To Their Relevant Job Requirements and Pay Practices.**

In the case at bar, the alleged violations were suffered across the board by non-exempt machinists or employees who were performing the job functions of machinists, regardless of when and where employed.  These violations arise from several company-wide practices of Defendants and, as such, establish a pattern or practice experienced not only by the current Plaintiff, but also by each potential class member.  Shirley and all other similarly situated employees were not paid for all hours worked and/or required to work more than forty (40) hours per workweek but were not paid overtime wages for such work.  These were Defendants' uniform policies.  These facts make this case particularly suitable for § 216(b) collective action treatment.

Given that the proposed class is limited to employees who were subjected to an identical scheme of non-payment of wages and overtime wages and that this motion is supported with Plaintiff's sworn testimony and other evidence, it is clear that all potential class members are similarly situated in all relevant respects.  At this stage, Plaintiff needs only demonstrate "some factual nexus which binds the named Plaintiff and the potential

class members together … ."  *Mooney*, 54 F.3d at 1214.  Here Plaintiff has presented evidence of similar job duties, similar pay provisions, as well as specific practices that violate the FLSA.  Accordingly, Plaintiff has demonstrated a "factual nexus" between themselves and the potential class members.

**C.     Plaintiff Has Carried His Burden Of Demonstrating A Reasonable Basis For Conditional Certification of a Collective Action.**

Collective action certification and court-supervised notice regarding the pendency of this lawsuit to the putative class is well warranted here since Plaintiff has more than demonstrated a "reasonable basis" for the class allegations.  *See*, *Grayson*, 79 F.3d at 1097.  First, Plaintiff provided specific and detailed allegations in the Complaint regarding Defendants' violations of the law.  Second, Plaintiff amply supported his allegations contained in the Complaint with sworn testimony and other evidence.  Finally, Plaintiff has limited his request for notice to only those hourly employees who are or were in a position similar to theirs (i.e., machinists) and who were paid in a similar manner. More importantly, the job duties of Plaintiff and the members of the putative class are such that, according to FLSA and the regulations promulgated thereto, they are eligible for overtime wages at a rate of one and one-half times their regular rate.

The amount and quality of evidence presented here is consistent with the evidence found sufficient to warrant pre-discovery notice by courts in the Eastern and Southern District of Texas.  *See, e.g., Alba v. Madden Bolt Corp.,* No. 4:02-cv-01503 (S.D. Tex. June 5, 2002) (J. Hoyt) (one affidavit sufficient); *Villatoro*, 286 F.Supp.2d at 810-11 (J. Atlas) (one affidavit plus employer documents sufficient); *Gardner*, 2000 U.S. Dist.

LEXIS 22804 at *7 (J. Harmon) (detailed allegation sufficient); *Marchan v. Taqmex, Inc.*,

No. 4:02-cv-04167 (S.D. Tex. December 16, 2002) (J. Hughes) (one affidavit sufficient);

*Schwartz v. MCI Telecomm. Corp.*, No. 4:98-cv-01574 (S.D. Tex. February 17, 1999) (J.

Werlein) (one affidavit sufficient); *Coreas v. C & S Ranch*, No. 5:97-cv-00030 (S.D. Tex.

May 16, 1997) (J. Kazen) (one affidavit sufficient); *see also*, *Zhao v. Benihana, Inc.*, 2001

U.S. Dist. LEXIS 10678 at *12-13 (S.D.N.Y. May 7, 2001) (one affidavit based on the

employee's "best knowledge" sufficient).

Again, Plaintiff need only establish a "colorable basis for a representative suit" by

making a "modest factual showing" that he is similarly situated to those for whom he

seeks to send notice.  *Mertz v. Treetop Enter., Inc.*, 1999 U.S. Dist LEXIS 18386 at *7

(N.D. Ala. March 2, 1999); *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306

(S.D.N.Y. 1998).  Plaintiff's detailed allegations supported by his own sworn testimony

as well as the other evidence more than satisfies the "lenient" standard for § 216(b)

collective action notice.  *Mooney*, 54 F.3d at 1213-14; *Harrison v. Enterprise Rent-A-

Car Co.*, 1998 U.S. Dist. LEXIS 13131 at *12 (M.D. Fla. July 1, 1998).

Plaintiff has shown that Defendants had company-wide policies which resulted

in Defendants failure to compensate its employees for all hours worked and for overtime

hours worked at the applicable rate as required by the FLSA.  The evidence demonstrates

that all machinists are similarly situated and subject to a uniform payroll policy.

Accordingly, Plaintiff's evidence more than justifies certification of this case as a collective

action and court-supervised notice regarding the pendency of this lawsuit to all machinists

who were employed by Defendants during the three years immediately preceding the

filing of this lawsuit.  *See*, *Baum v. Shoney's Inc.*, 1998 U.S. Dist. LEXIS 21484 at *4 (M.D. Fla. Dec. 3, 1998) (while plaintiff need not show putative class members were victimized by single decision, policy, or plan, such a showing is probative in determining whether potential class members are similarly situated).

### VII.
### NOTICE SHOULD BE EXPEDITED DUE TO
### THE RUNNING OF THE STATUTE OF LIMITATIONS

Notice to the class should be expedited in this action in order to prevent the wasting of the Employees' claims.  These claims are governed by a two-year statue of limitations or, in the case of a "willful violation" committed by a defendant, a three-year statute of limitations.  29 U.S.C. § 255(a).  The statute of limitations is generally not tolled for any individual class member until that individual has filed with the court a written consent to take part in the lawsuit.  29 U.S.C. § 256(b); 29 C.F.R. § 790.21(b)(2)(ii); *Grayson*, 79 F.3d at 1105-06.  Consequently, the statute of limitations diminishes the value of the Employees' claims with each passing day.  The information contained in the proposed notice should therefore be issued as soon as possible to allow these employees to act to protect their interests.  *See*, Ex. I, Proposed Notice to Potential Class Members[1].  Without notice, the putative class members are unaware of their right to opt-in, and they are powerless to prevent their claims from wasting away.

Moreover, due to employee attrition or turnover, a number of potential class members likely no longer work for Defendants.  Their whereabouts will be increasingly

---

[1] The Proposed Notice to Potential Class Members was developed using a form promulgated by the Federal Judicial Center (www.fjc.gov) for use in employment class actions.  Since the original form was designed for use in FED. R. CIV. P. 23 class actions and not § 216(b) collective actions, some modification was required.

difficult to trace, and evidence may be lost with the passing of time.  Notice should thus be expedited in this action to the maximum extent feasible and should be sent to all "similarly situated" employees who were employed by Defendants during the maximum three-year potential liability period.  *See*, *Belcher*, 927 F.Supp. at 251 (ordering notice to all employees who were employed within the maximum three-year statue of limitations); *see also*, *Herrera v. Unified Mgmt. Corp.*, 2000 U.S. Dist. LEXIS 12406 at *4-5 (N.D. Ill. Aug. 17, 2000) (same).

## VIII.
## THE PROPOSED NOTICE IS FAIR AND ACCURATE

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Hoffman-La Roche*, 493 U.S. at 170.  Use of court-authorized notice also prevents "misleading communications."  *Id.* at 172; *Garner*, 802 F.Supp. at 422.  Plaintiff's Proposed Notice to Potential Class Members is "timely, accurate, and informative" as required by the applicable case law.  *Hoffman-La Roche*, 493 U.S. at 172.  It provides notice of pendency of this action and of the opportunity to opt-in. Plaintiff's legal claims are accurately described.  Potential class members are advised that they are not required to participate.  The notice provides clear instructions on how to opt-in.  It also accurately states the prohibition against retaliation or discrimination for participation in the FLSA action.  29 U.S.C. § 215(a)(3); *Reich v. Davis*, 50 F.3d 962, 964 (11th Cir. 1995).

Plaintiff requests the Court to authorize mailing of the Proposed Notice to Potential Class Members and Opt-In Consent Form to all machinists and who were employed by Defendants at any time during the three years immediately preceding the filing of this lawsuit.  *See*, Ex. J, Proposed Opt-In Consent Form.  Plaintiff's counsel will oversee the mailing of such notices.  Those class members interested in participating would be required to file an executed opt-in consent form with the Court within ninety (90) days after the notices are mailed.  This is consistent with the established practice for collective actions under § 216(b) of the FLSA. *Hoffman-La Roche*, 493 U.S. at 172; *Garner*, 802 F.Supp. at 422 (cut-off date expedites resolution of action).

## IX.
## THE PROPOSED LIMITED DISCOVERY
## IS ESSENTIAL TO ENSURE TIMELY NOTICE

Discovery of a mailing list and contact information for class members is a routine component of notice in collective actions.  *See*, *Alba v. Madden Bolt Corp.,* No. 4:02-cv-01503 (S.D. Tex. June 5, 2002) (J. Hoyt) (defendant required to produce the full name, last known address, telephone numbers, dates and location of employment for three years); *Hoffman-La Roche*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses … ."); *Grayson*, 79 F.3d at 1111 (ordering production of mailing list); *Belcher*, 927 F.Supp. at 252 (same); *Hipp*, 164 F.R.D. at 576 (same).  Indeed, such a mailing list is essential to the facilitation of timely notice.  *Hoffman-La Roche*, 493 U.S. at 170 ("timely notice" required).

Defendants should therefore be ordered to produce the last known addresses, phone numbers, dates of birth and social security numbers of all machinists who were

employed by Defendants at any time within the three years immediately preceding the filing of this action (i.e., from April 6, 2006, through the present). This information is discoverable as a matter of right even in the absence of a collective action, because these other employees are persons with relevant knowledge. *See*, FED. R. CIV. P. 26(b)(1). Therefore, requiring the production of such information would merely be making Defendants provide information that is otherwise discoverable.

All of the requested information is necessary, including social security numbers and dates of birth, in order for Plaintiff to confirm current addresses and to locate those persons who may have moved from their last known addresses. Without this information, the notices are more likely to be returned due to outdated or inaccurate addresses. If notices are returned as undeliverable, Plaintiff's counsel would necessarily request an extension of the opt-in period to accommodate those class members, thereby further delaying the timely resolution of this matter. Finally, Plaintiff also requests that the Court order Defendants' designated representative to produce this list along with an affidavit. *See*, Ex. K, Proposed Affidavit of Defendant's Representative. The affidavit requires Defendant's representative to state, under oath and penalty of perjury, that the list is complete and accurate.

## X.
## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to: (1) conditionally certify this matter as a collective action pursuant to 29 U.S.C. § 216(b); (2) authorize mailing of the Notice to Potential Class Members and Opt-In Consent Form to

all machinists who were employed by Defendants at any time from April 6, 2006, through the present; and (3) require Defendants' representative(s) to produce under oath and under penalty of perjury, the names, addresses, phone numbers, dates of birth, and social security numbers of all such class members so that notice may be timely implemented.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore

Melissa Ann Moore
Federal Id. No. 25122
State Bar No. 24013189
Curt Hesse
Federal Id. No. 968465
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to all counsel of record on the 6th day of April 2010 via the Court's CM/ECF system.

/s/ Melissa A. Moore
Melissa Ann Moore