IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARDO SHIRLEY, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | C.A. NO. 4:09-cv-01691 |
| v. | § § | |
| LOGIK PRECISION, INC.; LOGIK PRECISION EQUIPMENT, LLC and CARLOS SIERRA, | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**PLAINTIFF EDWARDO SHIRLEY'S REPLY TO
DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION AND EXPEDITED DISCOVERY**

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Ann Moore
    Federal Id. No. 25122
    State Bar No. 24013189
    Curt Hesse
    Federal Id. No. 968465
    State Bar No. 24065414
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................. iii

I.  Introduction ........................................................................................................................ 1

II. Arguments & Authorities ................................................................................................... 1

      A.  Plaintiff's Motion for Conditional Certification Is Not Untimely ...................... 1

      B.  Plaintiff Met His Burden For Conditional Certification ..................................... 3

      C.  The Proposed Notice Is Fair and Accurate ........................................................ 5

III. Conclusion .......................................................................................................................... 6

Certificate of Service ................................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

*Brooks* v. *Bellsouth Telecomm.*,
 164 F.R.D. 561 (N.D. Ala. 1995)................................................................................. 4

*Chowdhury v. Duane Reade, Inc.*,
 2007 U.S. Dist. LEXIS 73853 (S.D.N.Y. Oct. 2, 2007) .............................................. 4

*Cone v. DEKRA Emission Check, Inc.*,
 2004 U.S. Dist. LEXIS 19704 (N.D. Tex. Sep. 23, 2004) ........................................... 2

*Damassia v. Duane Reade, Inc.*,
 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 4, 2006) .............................................. 4

*Gardner v. Assocs. Commercial Corp.*,
 2000 U.S. Dist. LEXIS 22804 (S.D. Tex. Dec. 19, 2000) ........................................... 4

*Jones v. AbClean, Inc.*,
 No. 1:08-cv-508 (E.D. Tex. Feb. 26, 2010) ................................................................. 6

*Monroe v. United Air Lines, Inc.*,
 90 F.R.D. 638, 640 (N.D. Ill. 1981) ............................................................................ 6

*Tucker v. Labor Leasing, Inc.*,
 872 F.Supp. 941 (M.D. Fla. 1994)............................................................................... 3

**Statutes**

28 U.S.C. §§ 620-629 ............................................................................................................ 6

29 U.S.C. § 206(a) ................................................................................................................. 5

**Rules**

FED. R. CIV. P. 20(a) ............................................................................................................. 4

FED. R. CIV. P. 23 .................................................................................................................. 6

FED. R. CIV. P. 6(b) ............................................................................................................... 2

TO THE HONORABLE JUDGE:

COMES NOW, Plaintiff EDWARDO SHIRLEY (referred to as "Plaintiff"), individually and on behalf of all others similarly situated current and former employees of LOGIK PRECISION, INC.; LOGIK PRECISION EQUIPMENT, LLC and CARLOS SIERRA (collectively referred to as "Defendants"), and file this Reply to Defendants' Response In Opposition to Plaintiff's Motion for Class Certification and Expedited Discovery. In support thereof, Plaintiff would respectfully show the Court as follows:

## I.
## INTRODUCTION

On June 3, 2009, Plaintiff Edwardo Shirley filed a putative collective action lawsuit under the Fair Labor Standards Act ("FLSA") alleging that Defendants Logik Precision, Inc.; Logik Precision Equipment, LLC and Carlos Sierra failed to pay him for all hours worked and failed to pay him overtime wages as required by law. At this stage, Plaintiff Edwardo Shirley seeks to notify other current and former employees of Defendants of the pendency of this lawsuit and their right to participate.

## II.
## ARGUMENTS & AUTHORITIES

**A.   Plaintiff's Motion for Conditional Certification Is Not Untimely.**

Defendants' principal argument against conditional certification is that that the deadline to join new parties has passed and that Plaintiff has not sought leave to amend the scheduling order. Defs.' Resp. to Plf.'s Mot. for Class Cert. [Docket No. 18] at pp. 2-3. Defendants further argue that "[m]aking this a class action at this late stage severely prejudices Defendants." *Id.* at 2. Defendants arguments are, however, without merit.

1

There was no deadline for filing a motion for class certification in the Court's scheduling order. Scheduling Order [Docket No. 12]. Defendants' argument that Plaintiffs are barred from moving for class certification because the deadline for doing so was masquerading as the deadline for joinder of parties or some other court-imposed deadline has been summarily rejected by other courts who have addressed this issue.

In *Cone v. DEKRA Emission Check, Inc.*, the court's scheduling order did not "set any [specific] deadline for the filing of motions for notice or conditional certification [under 29 U.S.C. § 216(b)]." 2004 U.S. Dist. LEXIS 19704 at *3 (N.D. Tex. Sep. 23, 2004). After the plaintiff moved for conditional certification, the Defendant moved for partial summary judgment on class certification arguing that the plaintiff's motion was untimely. *Id*. The *Cone* court denied the defendant's motion for partial summary judgment, noting that there was no specific deadline in the scheduling order for moving for class certification and that even if the plaintiff had filed an untimely motion, it still would not be dismissed because the defendant failed "to make a sufficient showing that it [had] been prejudiced." *Id*. at *7. The *Cone* court also observed that under FED. R. CIV. P. 6(b), the district courts are granted broad discretion to expand filing deadlines. *Id*. Other than Defendants' conclusory and self-serving allegations, there has been no showing that the filing of a motion for conditional certification at this juncture in any way prejudices them. The motion was filed well in advance of the July 1, 2010 dispositive motion deadline. Scheduling Order [Docket No. 12]. Given the size of the putative class, the mailing of notices and discovery relating to members of the putative class who choose to opt-in can be completed without delaying trial, which is currently set for

2

November 2010. *Id*. Based on the foregoing, it is clear that Plaintiff's Motion for Conditional Certification was not untimely and does not prejudice Defendants.

**B.     Plaintiff Met His Burden For Conditional Certification.**

In their Response to Plaintiff's Motion for Conditional Certification, Defendants spend approximately five (5) pages advancing their argument that Plaintiff has failed to meet his burden for conditional certification. Defs.' Resp. to Plf.'s Mot. for Class Cert. [Docket No. 18] at pp. 3-8. The first two (2) or so pages of that argument are devoted to explaining that while Plaintiff's "burden is not onerous, it is not invisible"; that courts "regularly deny conditional certification"; and that "conditional certification is far from automatic." *Id.* at pp. 3-4. In doing so, the hope clearly must be that this Court will take some comfort in the fact that other courts "regularly deny conditional certification" and simply overlook Defendants' numerous companywide employment policies that are per se violations of the FLSA.

For an opt-in class to be certified under 29 U.S.C. § 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1086 (11th Cir. 1996). The Plaintiff's claims and positions need not be identical to the potential opt-ins' claims, they need only be similar. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994). Plaintiff needs only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at l097. The standard for collective action notice is thus a "*lenient one*." *Mooney,* 54 F.3d at 1213-

3

14 (emphasis added). "It is considerably 'less stringent' than the proof required pursuant to FED. R. CIV. P. 20(a) for a joinder or FED R. CIV. P. 23 for class certification." *Grayson*, 79 F.3d at 1096.

At the notice stage, courts usually determine whether a named plaintiff and potential opt-ins are "similarly situated" based upon detailed allegations in the complaint along with whatever evidence may be available. *See*, *Mooney*, 54 F.3d at 1213-14; *see also*, *Gardner v. Assocs. Commercial Corp.*, 2000 U.S. Dist. LEXIS 22804 at *6 (S.D. Tex. Dec. 19, 2000) (J. Harmon); *see also*, *Brooks* v. *Bellsouth Telecomm.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995). "[I]t may be appropriate in some cases to find plaintiffs and potential plaintiffs similarly situated simply on plaintiffs' 'substantial allegations' that they were common victims of [an] FLSA violation, *particularly where … the actions challenged by plaintiffs reflect a company-wide policy*." *Damassia v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS 73090 at *9 (S.D.N.Y. Oct. 4, 2006); *see also*, *Chowdhury v. Duane Reade, Inc.*, 2007 U.S. Dist. LEXIS 73853 at *8 (S.D.N.Y. Oct. 2, 2007).

Plaintiff Edwardo Shirley has identified numerous companywide policies that violate the FLSA. For example, all machinists, including Mr. Shirley, are docked fifteen (15) minutes of paid working time if the fail to clock-in at least five (5) minutes prior to the beginning of their shift. *See*, Attendance Policy [Docket No. 16-3]. They are docked one (1) hour of pay if they fail to turn in their time sheets as required by company policy. *See*, Memorandum Regarding Time Sheets & Safety Equipment [Docket No. 16-4]. They are docked one (1) hour of pay if they fail to wear the required safety equipment.

4

*Id*.  Additionally, they are required to fix all parts or tools that do not comply with company standards on their own time without pay.  *See*, Email Regarding Working Without Pay [Docket No. 16-5].  These policies plainly violate both the spirit and the letter of the law.  29 U.S.C. § 206(a).  Therefore, the Court should grant Plaintiff's Motion for Class Certification.

**C.     The Proposed Notice Is Fair and Accurate.**

The Proposed Notice To Potential Class Members [Docket No. 16-9] that Defendants find objectionable and "deficient in many respects" was developed by the Federal Judicial Center ("FJC") specifically for use in employment class actions.  Defs.' Resp. to Plf.'s Mot. for Class Cert. [Docket No. 18] at pp. 8-12.  As the Court is aware, the Federal Judicial Center was created by Congress in 1967 to be the research and education agency of the federal judiciary.  *See generally*, 28 U.S.C. §§ 620-629.  The FJC has promulgated numerous notices for use in class actions.[1]  In developing those notices, the FJC "began by studying empirical research and commentary on the plain language drafting of legal documents [and] then test[ing] several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects."[2]  The FJC's focus was on developing "plain language" notices for use in class actions.[3]  The panel responsible for crafting those notices included linguists, lawyers and judges.[4]  However, since the notices promulgated by the FJC were designed for class actions under FED. R. CIV. P. 23 and not

---

[1] *See generally*, Federal Judicial Center Website http://www.fjc.gov.
[2] *See*, http://www.fjc.gov/public/home.nsf/pages/376.
[3] *See*, http://www.fjc.gov/public/home.nsf/pages/816.
[4] *Id*.

collective actions under the FLSA, some modification was required. In any event, Plaintiff's Proposed Notice To Potential Class Members [Docket No. 16-9] very clearly provides putative plaintiffs "with a neutral discussion of the nature of, and their rights in [the lawsuit]." *Monroe v. United Air Lines, Inc.*, 90 F.R.D. 638, 640 (N.D. Ill. 1981). In fact, it is nearly identical to a notice recently approved by the United States District Court for the Eastern District of Texas. *Jones v. AbClean, Inc.*, No. 1:08-cv-508 (E.D. Tex. Feb. 26, 2010).

## III.
## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to: (1) conditionally certify this matter as a collective action pursuant to 29 U.S.C. § 216(b); (2) authorize mailing of the Notice to Potential Class Members and Opt-In Consent Form to all machinists who were employed by Defendants at any time from April 6, 2006, through the present; and (3) require Defendants' representative(s) to produce under oath and under penalty of perjury, the names, addresses, phone numbers, dates of birth, and social security numbers of all such class members so that notice may be timely implemented.

                                        Respectfully submitted,

                                        **MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Ann Moore
    Federal Id. No. 25122
    State Bar No. 24013189
    Curt Hesse
    Federal Id. No. 968465
    State Bar No. 24065414
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to all counsel of record on the 4th day of May 2010 via the Court's CM/ECF system.

                                        /s/ Melissa A. Moore
                                        Melissa Ann Moore